**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TAANSEN SUMERU,                                        )<br><br>                            Plaintiff,       )<br><br>            v.                               )<br><br>JANET YELLEN,                                )<br>*Secretary of the Treasury, et al.*,         )<br><br>                            Defendants.      )<br>_____ ) | Civil Action No. 21-2389 (ABJ) |

**<u>MEMORANDUM OPINION</u>**

Plaintiff Taansen Sumeru has filed a *pro se* complaint against the U.S. Secretary of the

Treasury Janet Yellen; Internal Revenue Services ("IRS") Commissioner Charles Rettig; and a

number of IRS Officers and Agents.[1]  Compl. [Dkt. # 1].  According to the complaint, on June 4,

2021, the IRS sent plaintiff a letter informing him it was "investigating [his] possible involvement

in tax avoidance transactions or [his] tax return preparation practices."  Ex. 16 to Compl. [Dkt. #

1-1] ("IRS Letter") at 32.  The agency sought to schedule an appointment to further discuss the

matter, and on June 15, 2021, plaintiff declined, responding, "[y]our letter is based on an

assumption that I have some sort of obligation to the IRS and its owners."  *Id.*; Ex. 17 to Compl.

[Dkt. # 1-1] ("Pl.'s Resp. to IRS") at 37.  Plaintiff demanded then, as in the present action, that the

IRS "produce from the certified public records . . . the portion of the Legislative powers held by

_____

1       The complaint names the following individuals:  IRS Chief Counsel William M. Paul;
National Taxpayer Advocate Erin M. Collins; IRS Chief of Staff Kevin McIver; IRS Chief Privacy
Officer Robert Choi; IRS Chief Risk Officer Thomas Brandt; IRS Agent Sean P. Flannery; IRS
Agent Jeffrey W. Walter; IRS Agent Gardy Larochelle; and unnamed defendants DOES 1 to 5000.
*See* Compl. [Dkt. # 1].

Congress Assembled, which identify me or any other American as either subject or object to be regulated by statute or other alleged act by Congress." *Id.*

Plaintiff alleges that he is a Mississippi-born "live, flesh and blood man" and "State Citizen" of the state of California, who "IS NOT NOW AND NEVER HAS BEEN A UNITED STATES CITIZEN." *See* Ex. 1 to Compl. [Dkt. # 1-1] ("Certificate of Citizenship") at 2; Compl. at 3 (emphasis in original).  Plaintiff seeks damages from each defendant in the sum of $1,000,000.00 and an order "identifying plaintiff Taansen Sumeru as EXEMPT from IRS operations, nunc pro tunc, pending IRS and each defendant producing full and complete authorities from official government archives, proving plaintiff could be subject to any government process without consent." Compl. at 27.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  In addition, "'[i]t is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*.'" *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982).  Indeed, a federal court must raise the issue because it is "forbidden – as a court of limited jurisdiction – from acting beyond [its] authority, and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Id.*, quoting *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003).  A district court may dismiss a complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3), when it is evident that the court lacks subject matter jurisdiction.  *See Evans v. Suter*, No. 09-5242, 2010 WL 1632902 (D.C. Cir. Apr.

2

2, 2010), citing *Hurt v. U.S. Ct. of Appeals for D.C. Cir. Banc*, 264 F. App'x 1, 1 (D.C. Cir. 2008);

*Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003); *Zernial v. United*

*States*, 714 F.2d 431, 433–34 (5th Cir. 1983).

Subject matter jurisdiction is lacking where a complaint "is 'patently insubstantial,'

presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009

(D.C. Cir. 2009), quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994); *see, e.g., Peters v.*

*Obama*, Misc. No. 10-0298, 2010 WL 2541066, at  *2 (D.D.C. June 21, 2010) (*sua sponte*

dismissing complaint alleging that President Obama had been served with and failed to respond to

an "Imperial Writ of Habeas Corpus" by the "Imperial Dominion of Axemem," that called for the

plaintiff's immediate release from a correctional institution).  Claims are "patently insubstantial"

when they are "flimsier than doubtful or questionable—they must be essentially fictitious." *Best*,

39 F.3d at 330 (internal quotation marks omitted); *see also Hagans v. Lavine*, 415 U.S. 528, 536–

37 (1974) ("federal courts are without power to entertain claims otherwise within their jurisdiction

if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial,

[or] obviously frivolous") (internal citations and quotation marks omitted).

Although the Court is mindful that complaints filed by *pro se* litigants are held to less

stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v.*

*Kerner*, 404 U.S. 519, 520–521 (1972); *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C.

Cir. 2008), it finds that plaintiff's allegations in the present case present "no federal question

suitable for decision." *Best*, 39 F.3d at 330.

Here, the complaint is devoid of any statement showing that "the pleader is entitled to

relief." *See* Fed. R. Civ. P. 8(a)(2).  And to the extent that plaintiff seeks a declaratory judgment,

he has failed to plead a "substantial controversy, between interested parties having adverse legal

interests, of sufficient immediacy and *reality* to warrant the issuance of a declaratory judgment," as there is no merit in the claim a citizen of a U.S. state is not a U.S. citizen. *Glenn v. Thomas Fortune Fay*, 222 F. Supp. 3d 31, 36 (D.D.C. 2016) (emphasis added); *see also United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) ("We are again faced with a 'shop worn' argument of the tax protester movement.  The defendant in this case apparently holds a sincere belief that he is a citizen of the mythical 'Indiana State Republic' and for that reason is an alien beyond the jurisdictional reach of the federal courts.  This belief is, of course, incorrect."); *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) (per curiam) (rejecting contention that appellants "are not citizens of the United States, but rather 'Free Citizens of the Republic of Minnesota' and, consequently, not subject to taxation"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (rejecting as "completely without merit [and] patently frivolous" argument that a criminal defendant convicted of aiding and assisting false and fraudulent tax returns "cannot be punished under the tax laws of the United States because he is a citizen of the sovereign state (the 'Republic') of Idaho"); *Harding v. United States*, No. 3:96CV7428, 1997 WL 327103, at *3 (N.D. Ohio Feb. 28, 1997) ("Plaintiff's contention that he is a state citizen not subject to federal income taxes" is meritless), *report and recommendation adopted*, 1997 WL 392691 (N.D. Ohio Mar. 19, 1997).

Accordingly, the Court will dismiss this case *sua sponte* pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.  A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE:  October 19, 2021

4